U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 13 2011
CLERK, U.S. DISTRICT COURT
by_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CATHY RICHARD, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:11-CV-643-A |
| | § |
| SANTANDER CONSUMER USA, INC. | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant, Santander Consumer USA, Inc. Plaintiff, Cathy Richard, filed nothing in response to the motion. Having now considered the motion, plaintiff's original complaint, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiff's Claims and Defendant's Motion

Plaintiff initiated this action by the filing on September 14, 2011, of her original complaint, alleging claims and causes of action against defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The presence of a federal question pursuant to the FDCPA is the only

basis in the complaint for this court's jurisdiction.[1] Both parties are identified in the complaint as citizens of Texas; thus, the court would have no jurisdiction over this action save for plaintiff's claims pursuant to the FDCPA.

Defendant in the motion argues that dismissal is required because it is not a "debt collector" as defined by the FDCPA, and therefore plaintiff's claims against it must fail.

II.

Factual Allegations in the Complaint

Plaintiff's complaint contains the following factual allegations:

Plaintiff alleged that in 2009 she incurred a financial obligation in the amount of $15,638.29 to an entity known as HSBC Consumer Lending ("Creditor") in connection with an automobile loan. Plaintiff also alleged that the debt "was purchased, assigned or transferred to [defendant] for collection, or [defendant] was employed by the Creditor to collect the debt." Pl.'s Verified Compl. at 2-3. Plaintiff contended that defendant attempted to collect the debt and so has engaged in "communications" as contemplated by the FDCPA. Id. at 3.

Plaintiff alleged that defendant violated the FDCPA by engaging in certain abusive and harassing tactics, such as by

---

[1] Plaintiff also sought declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 & 2202. However, the Declaratory Judgment Act provides no independent basis for the court's jurisdiction. Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980).

2

contacting her at her place of employment despite her requests for defendant not to do so; by causing her telephone to ring "repeatedly and continuously with the intent to annoy, abuse, and harass" her, id. at 4; by communicating with her at a place and time which it knew or should have known was inconvenient to plaintiff; and by communicating a false impression of the character, amount, or legal status of the alleged debt.

### III.

### Applicable Legal Principles

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). The court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Id. The court may dismiss a complaint for lack of subject matter jurisdiction upon consideration of "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir.

3

1996)). Upon a defendant's challenge to the court's subject matter jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

IV.

Analysis

The basis of plaintiff's claims is that defendant is a "debt collector" as defined by the FDCPA, and in that capacity, defendant engaged in certain conduct prohibited by the statute. The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The act also contains certain exclusions, specifically providing that it does not apply to

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

4

. . . .

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Id. Thus, a "debt collector" does not include a consumer's creditors, nor does it include an assignee of the debt if the debt was not in default at the time of the assignment. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). Stated differently, only debt collectors, not creditors, are subject to the FDCPA. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000).

In support of the motion defendant provided the affidavit of Mark Mooney ("Mooney"), its Vice President of Loss Mitigation. According to Mooney, defendant is in the automobile finance business. As part of its business, defendant in 2008 began to acquire the loan portfolios of other auto finance businesses. After plaintiff financed her vehicle with the Creditor, defendant began servicing plaintiff's account on the Creditor's behalf, thus requiring plaintiff to make payments to defendant for the vehicle. However, according to Mooney, on or about August 27, 2010, defendant purchased plaintiff's account, and plaintiff continued making payments on the account to defendant. Thus, at

the time defendant purchased plaintiff's account it was not past due. Further, when defendant began collection activities on plaintiff's account, defendant was the owner of the account, and so was making collection efforts on its own behalf, rather than any debt owed or due another. Plaintiff filed nothing to controvert defendant's assertions.

The court agrees with defendant. Defendant became the owner of plaintiff's account in August 2010. Plaintiff alleged that defendant began its harassing and abusive collection activities in June 2011. Thus, at the time of the alleged violations, any collection activity engaged in by defendant was for the collection of its own debt, rather than a debt owed to another. Under these circumstances, defendant is not a "debt collector" as contemplated by the FDCPA. 15 U.S.C. § 1692a(6); Perry, 756 F.2d at 1208. Likewise, because plaintiff's account was not in default at the time defendant acquired the account, the FDCPA does not apply to defendant's collection activities. 15 U.S.C. § 1692a(6)(F). As defendant is not a debt collector under the FDCPA, plaintiff cannot sustain any claim or cause of action against defendant under that statute. Because plaintiff has alleged no other basis for the court's subject matter jurisdiction, her claims against defendant must be dismissed.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Cathy Richard, against defendant, Santander Consumer USA, Inc., be, and are hereby, dismissed for want of subject matter jurisdiction.

SIGNED December 13, 2011.

_____
JOHN McBRYDE
United States District Judge